IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 13-cv-00920-BNB

COYLE KENNEDY,

    Plaintiff,

v.

DENVER POLICE DEPARTMENT,
CITY AND COUNTY OF DENVER, Denver, Colorado,
ADAM GOLDEN, Officer, DPD,
JACOB ROBB, DPD,
MARK MILLER, DPD,
BRIAN MARSHALL, DPD, and
DEREK HANCOCK, et al.,

    Defendants.

## ORDER DIRECTING PLAINTIFF TO FILE AMENDED COMPLAINT

Plaintiff, Coyle Kennedy, is detained in the Aurora Detention Center.  He has filed a *pro se* Prisoner Complaint asserting a violation of his constitutional rights pursuant to 28 U.S.C. § 1343 and 42 U.S.C. § 1983.  Mr. Kennedy has been granted leave to proceed *in forma pauperis*.

The Court must construe the Complaint liberally because Mr. Kennedy is not represented by an attorney.  **See Haines v. Kerner**, 404 U.S. 519, 520-21 (1972); **Hall v. Bellmon**, 935 F.2d 1106, 1110 (10th Cir. 1991).  However, the Court should not be an advocate for a *pro se* litigant.  **See Hall**, 935 F.2d at 1110.  For the reasons stated below, Mr. Kennedy will be ordered to file an amended complaint.

Plaintiff asserts in his Prisoner Complaint that the individual defendants "punched, kicked, maced and tased him" multiple times during a traffic stop on April 30,

2011.  He asserts that he was subjected to the unlawful use of excessive force and seeks monetary relief.

The Complaint is deficient to the extent Plaintiff is asserting claims against the Denver Police Department.  The police department is not an entity separate from the City and County of Denver and, therefore, is not a person subject to suit under § 1983. **See Stump v. Gates**, 777 F. Supp. 808, 814-16 (D. Colo. 1991), ***aff'd***, 986 F.2d 1429 (10th Cir. 1993).

Furthermore, to hold the City and County of Denver liable under 42 U.S.C. § 1983, Mr. Kennedy must show that an unconstitutional policy or custom exists and that there is a direct causal link between the policy or custom and the injury alleged. **City of Canton, Ohio v. Harris**, 489 U.S. 378, 385 (1989); **Myers v. Oklahoma County Bd. of County Comm'rs**, 151 F.3d 1313, 1316-20 (10th Cir. 1998). Municipalities are not liable under 42 U.S.C. § 1983 solely because their employees inflict injury on a plaintiff.  **Monell v. New York City Dep't of Social Servs.**, 436 U.S. 658, 694 (1978); **Hinton v. City of Elwood, Kan.**, 997 F.2d 774, 782 (10th Cir. 1993). Plaintiff cannot state a claim for relief under § 1983 merely by pointing to isolated incidents.  **See Monell**, 436 U.S. at 694.  Accordingly, it is

ORDERED that Plaintiff, Coyle Kennedy, file **within thirty (30) days from the date of this order,** an amended complaint that complies with the directives in this order.  It is

FURTHER ORDERED that Plaintiff shall obtain the court-approved Prisoner Complaint form (with the assistance of his case manager or facility's legal assistant),

along with the applicable instructions, at www.cod.uscourts.gov.  It is

FURTHER ORDERED that, if Plaintiff fails to file an amended complaint that complies with this order within the time allowed, the Court will review the allegations of the original Complaint, which may result in the dismissal of one or more Defendants.

DATED May 8, 2013, at Denver, Colorado.

BY THE COURT:

 s/ Boyd N. Boland
United States Magistrate Judge