IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 13-cv-00920-REB-KLM

COYLE KENNEDY,

    Plaintiff,

v.

ADAM GOLDEN, DPD,
JACOB ROBB, DPD,
MARK MILLER, DPD,
BRIAN MARSHALL, DPD, and
DEREK HANCOCK, DPD,

    Defendants.

_____

### RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE
_____

**ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

This matter is before the Court on Defendants' **Motion to Dismiss** [#36][1] (the "Motion"). Plaintiff, who is proceeding pro se,[2] filed a Response [#39] in opposition to the Motion, and Defendants filed a Reply [#40]. The Motion is thus ripe for review. Pursuant to 28 U.S.C. § 636(b)(1) and D.C.COLO.LCivR 72.1(c)(3), the Motion is referred to this Court for recommendation [#37]. Having reviewed the entire case file and being sufficiently

---

[1] "[#36]" is an example of the convention the Court uses to identify the docket number assigned to a specific paper by the court's electronic case filing and management system (CM/ECF). This convention is used throughout the Recommendation.

[2] The Court must construe liberally the filings of a pro se litigant. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not be the pro se litigant's advocate, nor should the Court "supply additional factual allegations to round out [the pro se litigant's] complaint or construct a legal theory on [his] behalf." *Whitney v. New Mexico*, 113 F.3d 1170, 1173-74 (10th Cir. 1997) (citing *Hall*, 935 F.2d at 1110). In addition, pro se litigants must follow the same procedural rules that govern other litigants. *Nielson v. Price*, 17 F.3d 1276, 1277 (10th Cir. 1994).

advised, the Court respectfully **RECOMMENDS** that the Motion [#36] be **GRANTED**.

## I. Summary of the Case

The following allegations of the Third Amended Complaint [#18] are accepted as true for the purpose of determining the Motion. Plaintiff is presently an inmate at Buena Vista Correctional Complex—Minimum ("BVMC"), although the events underlying this lawsuit occurred prior to Plaintiff's present term of incarceration. *Third Am. Compl.* [#18]. Plaintiff asserts one claim of excessive force as a result of the following events. *Id.* at 3.

At 5:09 p.m. on April 30, 2011, Plaintiff was driving northbound from 15th Street through the alley located between Ulster Street and Uinta Street in Denver, Colorado. *Id.* at 4. As he reached the middle of the alley, he noticed an unmarked Denver Police Department ("DPD") car traveling south through the alley behind him. *Id.* Plaintiff made a right turn onto 16th Avenue, traveling eastbound. *Id.* As he did so, the police car turned left at the far end of the alley, which was T-shaped. *Id.* Plaintiff passed Uinta Street and made a left turn onto Valentia Street. *Id.* As he did so, he saw that the unmarked police car was "speeding down" Valentia Street toward him from the alley on 15th Street with its flashing lights turned on. *Id.* Plaintiff pulled over to the side of the street near the corner of 16th Street and Valentia Street. *Id.*

Defendant Adam Golden ("Golden"), an officer with the DPD, approached Plaintiff's truck and asked for identification. *Id.* Plaintiff told him that he did not have identification on him. *Id.* Defendant Golden then asked Plaintiff to step out of the truck so he could be searched for weapons. *Id.* Plaintiff stepped out of the truck and interlocked his fingers behind his head. *Id.* During the pat down, Defendant Golden asked Plaintiff what he had

in his right pocket.  *Id.*  As Plaintiff turned his head to answer him, Defendant Golden and Defendant Jacob Robb ("Robb"), another officer with the DPD who was on the scene, pushed Plaintiff against his truck and then face first to the ground.  *Id.*  As Plaintiff was pushed to the ground, his hands ended up underneath his upper torso as he attempted to brace his fall.  *Id.* at 5.  Defendant Golden then hit Plaintiff in the face with his closed fist, and Defendant Robb struck Plaintiff several times in the left side.  *Id.*  Defendant Golden also kneed Plaintiff in his upper torso.  *Id.*  Plaintiff, still on the ground, yelled, "Stop! You're hurting me."  *Id.*  Defendant Robb then also kneed Plaintiff in his mid-section.  *Id.*

By this time, Defendants Mark Miller ("Miller") and Brian Marshall ("Marshall"), two more DPD officers, had arrived on the scene.  *Id.*  Plaintiff was still lying on the ground face first with his hands underneath his chest.  *Id.*  Defendant Miller proceeded to strike Plaintiff several times on his left side.  *Id.*  As this was happening, Defendant Robb said, "Give me your fucking hands, you fucking nigger!" and then told Defendant Marshall to use a taser on Plaintiff.  *Id.*  Defendant Marshall proceeded to do so on Plaintiff's left torso.  *Id.*  Plaintiff kept telling the officers that they were "hurting" him and to "please stop."  *Id.*  Plaintiff was then kicked twice in his left side rib area by Defendant Marshall.  *Id.*  Defendant Derek Hancock ("Hancock"), a fifth DPD officer who had arrived on the scene, used pepper spray on Plaintiff's face.  *Id.*  Defendant Hancock then picked up dirt from the ground, rubbed it into Plaintiff's eyes, and pushed Plaintiff's face into the dirt.  *Id.*  Plaintiff was then taken to the police car, where pictures were taken of his injuries.  *Id.*

Plaintiff alleges no additional detail regarding his claims.  However, Defendants direct the Court's attention to various documents in the public record, which the Court may

examine without converting the Motion into a motion for summary judgment.[3] Records from the Denver District Court confirm that the above-described events leading to Plaintiff's arrest by Denver police officers occurred on April 30, 2011. *Defs.' Ex. A* [#36-1] at 2-4. Plaintiff was subsequently charged in Denver District Court Case No. 2011 CR 1791 with two counts of possession of a controlled substance, resisting arrest, obstructing a police officer, and two counts of attempted assault on a police officer. *Id.* At his criminal trial, Plaintiff raised self-defense as an affirmative defense and accordingly submitted a proposed jury instruction to that effect, including legal authority in support of the requested instruction. *Defs.' Exs. C & D* [#36-3, #36-4]. The judge presiding over the criminal trial stated on the record that he "spent a significant amount of . . . time weighing and considering the cases, the statute, and the evidence and the arguments" regarding whether to allow the instruction on self-defense but ultimately determined that the evidence before him did not "meet the standard that would permit the presentation of the affirmative defense of self-defense." *Defs.' Ex. E* [#36-5] at 1-2. At the conclusion of the trial on January 9, 2013, Plaintiff was convicted of three charges: one count of possession of a controlled

---

[3] When considering a motion to dismiss, the Court must usually disregard facts supported by documents other than the complaint unless the Court first converts the motion to dismiss into a motion for summary judgment. *Jackson v. Integra Inc.*, 952 F.2d 1260, 1261 (10th Cir. 1991). The Court may consider documents outside of the complaint on a motion to dismiss in three instances, however. First, the Court may consider outside documents pertinent to ruling on a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(1). *Pringle v. United States*, 208 F.3d 1220, 1222 (10th Cir. 2000). Second, the Court may consider outside documents subject to judicial notice, including court documents and matters of public record. *Tal v. Hogan*, 453 F.3d 1244, 1265 n.24 (10th Cir. 2006). Third, the Court may consider outside documents that are both central to the plaintiff's claims and to which the plaintiff refers in his complaint. *GFF Corp. v. Associated Wholesale Grocers*, 130 F.3d 1381, 1384 (10th Cir. 1997). The Court has examined the documents submitted by the parties and has determined that each of the documents cited herein may appropriately be considered by the Court in making its Recommendation on the pending Motion.

substance, resisting arrest, and obstructing a peace officer. *Defs.' Ex. B* [#36-2] at 1. Plaintiff is presently incarcerated at BVMC and has an appeal pending regarding his convictions. *Defs.' Ex. A* [#36-1].

## II.  Standard of Review

The purpose of a motion to dismiss pursuant to Rule 12(b)(6) is to test "the sufficiency of the allegations within the four corners of the complaint after taking those allegations as true." *Mobley v. McCormick*, 40 F.3d 337, 340 (10th Cir. 1994); Fed. R. Civ. P. 12(b)(6) (stating that a complaint may be dismissed for "failure to state a claim upon which relief can be granted"). "The court's function on a Rule 12(b)(6) motion is not to weigh potential evidence that the parties might present at trial, but to assess whether the plaintiff's complaint alone is legally sufficient to state a claim for which relief may be granted." *Sutton v. Utah State Sch. for the Deaf & Blind,* 173 F.3d 1226, 1236 (10th Cir. 1999) (citation omitted). To withstand a motion to dismiss pursuant to Rule 12(b)(6), "a complaint must contain enough allegations of fact 'to state a claim to relief that is plausible on its face.'" *Robbins v. Oklahoma*, 519 F.3d 1242, 1247 (10th Cir. 2008) (quoting *Twombly*, 550 U.S. at 570); *see also Shero v. City of Grove, Okla.*, 510 F.3d 1196, 1200 (10th Cir. 2007) ("The complaint must plead sufficient facts, taken as true, to provide 'plausible grounds' that discovery will reveal evidence to support the plaintiff's allegations." (quoting *Twombly*, 550 U.S. at 570)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "A pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do. Nor does a complaint suffice if it tenders naked assertion[s]

devoid of further factual enhancement." *Id.* (brackets in original; internal quotation marks omitted).

To survive a motion to dismiss pursuant to Rule 12(b)(6), the factual allegations in the complaint "must be enough to raise a right to relief above the speculative level." *Christy Sports, LLC v. Deer Valley Resort Co.*, 555 F.3d 1188, 1191 (10th Cir. 2009). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct," a factual allegation has been stated, "but it has not show[n][]that the pleader is entitled to relief," as required by Fed. R. Civ. P. 8(a). *Iqbal*, 552 U.S. at 679 (second brackets added; citation and internal quotation marks omitted).

### III. Analysis

Defendants argue in the Motion [#36] that Plaintiff's excessive force claim against them is barred by *Heck v. Humphrey*, 512 U.S. 477 (1994). *Heck* addressed "whether a state prisoner may challenge the constitutionality of his conviction in a suit for damages under 42 U.S.C. § 1983." *Id.* at 478. The case involved a § 1983 claim arising out of alleged unlawful acts by state prosecutors and police officers which led to the plaintiff's arrest and ultimate conviction of a criminal offense. *Id.* at 478-79. In *Heck*, the Supreme Court held that "when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence." *Id.* at 487. If so, the Court must dismiss the complaint "unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated." *Id.*

"[A] state prisoner's § 1983 action is barred (absent prior invalidation)—no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit

(state conduct leading to conviction or internal prison proceedings)—if success in that action would necessarily demonstrate the invalidity of confinement or its duration." *Wilkinson v. Dotson*, 544 U.S. 74, 81-82 (2005). However, "if the district court determines that the plaintiff's action, even if successful, will not demonstrate the invalidity of any outstanding criminal judgment against the plaintiff, the action should be allowed to proceed . . . ." *Heck*, 512 U.S. at 487.

"The starting point for the application of Heck . . . is the existence of an underlying conviction or sentence that is tied to the conduct alleged in the § 1983 action." *Butler v. Compton*, 482 F.3d 1277, 1279 (10th Cir. 2007). Here, Plaintiff was convicted of resisting arrest. *Defs.' Ex. A* [#36-1] at 3. Under Colorado law, excessive force by a police officer is an affirmative defense to the charge of resisting arrest. Colo. Rev. Stat. § 18–8–103(2); *State v. Fuller*, 781 P.2d 647 (Colo.1989). Defendants argue that *Heck* "bars Plaintiff's claims because a finding of excessive force in this case would undermine the Plaintiff's conviction." *Motion* [#36] at 6. They explain that "[t]he criminal court specifically considered the officers' conduct which took place during the arrest and determined that there was not a scintilla of evidence that excessive force was used, and based upon this determination, rejected the self-defense affirmative defense." *Id.* Thus, Defendants argue that the state court judge's rejection of Plaintiff's affirmative defense and the subsequent conviction of Plaintiff for resisting arrest means that a judgment in favor of Plaintiff in this action as to his excessive force claim against Defendants would call into question the validity of his conviction.

Based on Plaintiff's Third Amended Complaint [#18] and on the public records from his criminal trial, the Court agrees that Plaintiff's excessive force claim against Defendants

is barred by *Heck*. *See also Johnson v. Heinis*, No. 11-cv-03135-WJM-KLM, 2013 WL 1855843 (D. Colo. Mar. 28, 2013) (making the same determination in a case involving similar facts); *Oates v. Patella*, No. 11-cv-01871-REB-KLM, 2012 WL 592866 (D. Colo. Feb. 1, 2012) (same). The Court finds that the ultimate entry of judgment in favor of Plaintiff in this matter would negate the state court judge's determination that there was no evidence that Defendants used unreasonable or excessive force during the underlying arrest. Such would necessarily call into question the validity of the underlying conviction for resisting arrest in that the application of the affirmative defense would essentially be resurrected. Moreover, there is no indication before the Court that Plaintiff's conviction has been invalidated. In fact, Plaintiff's conviction appears to still be on appeal. *Defs.' Ex. A* [#36-1]. As noted earlier, the Court must dismiss the complaint "unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated." *Heck*, 512 U.S. at 487. The conviction here has not been invalidated.

In his Response [#39], Plaintiff argues that he "brings forth this claim under the charges he was acquitted of by a jury of his peers" and so "a finding in favor of Plaintiff would not bring into question the Plaintiff's Criminal Conviction." However, the fact that Plaintiff was acquitted of assault does not change the fact that he raised the affirmative defense of self-defense to the charges of resisting arrest and obstructing a peace officer, and that he was convicted of both offenses. This means, as already stated, that an ultimate determination by this Court that Defendants used excessive force against Plaintiff would call into question the validity of those other underlying convictions, which means that *Heck* applies. *Heck*, 512 U.S. at 487. Plaintiff simply cannot parse out his excessive force claim in the way that he seeks. For these reasons, the Court concludes that Plaintiff's claim

for excessive force against Defendants is barred by *Heck*.

## IV. Conclusion

Accordingly, the Court respectfully **RECOMMENDS** that the Motion [#36] be **GRANTED** and that Plaintiff's sole claim be **DISMISSED without prejudice**.  *See Fotler v. United States*, 73 F.3d 1064, 1065 (10th Cir. 1996) (holding that dismissals pursuant to *Heck* should be without prejudice).

IT IS HEREBY **ORDERED** that, pursuant to Fed. R. Civ. P. 72, the parties shall have fourteen (14) days after service of this Recommendation to serve and file any written objections in order to obtain reconsideration by the District Judge to whom this case is assigned.  A party's failure to serve and file specific, written objections waives de novo review of the Recommendation by the District Judge, Fed. R. Civ. P. 72(b); *Thomas v. Arn*, 474 U.S. 140, 147-48 (1985), and also waives appellate review of both factual and legal questions.  *Makin v. Colo. Dep't of Corr.*, 183 F.3d 1205, 1210 (10th Cir. 1999); *Talley v. Hesse*, 91 F.3d 1411, 1412-13 (10th Cir. 1996).  A party's objections to this Recommendation must be both timely and specific to preserve an issue for de novo review by the District Court or for appellate review.  *United States v. One Parcel of Real Prop.*, 73 F.3d 1057, 1060 (10th Cir. 1996).

Dated: March 4, 2014

BY THE COURT:

Kristen L. Mix
United States Magistrate Judge