**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Robert E. Blackburn**

Civil Action No. 13-cv-00920-REB-KLM

COYLE KENNEDY,

    Plaintiff,

v.

ADAM GOLDEN, DPD,
JACOB ROBB, DPD,
MARK MILLER, DPD,
BRIAN MARSHALL, DPD, and
DEREK HANCOCK, DPD,

    Defendants.

**ORDER ADOPTING RECOMMENDATIONS OF
UNITED STATES MAGISTRATE JUDGE**

**Blackburn, J.**

    This matter is before me on the following: (1) the **Motion to Dismiss** [#36][1] filed by the defendants on September 18, 2013; and (2) the **Recommendation of United States Magistrate Judge** [#46] filed March 4, 2014. The plaintiff filed objections [#47] to the recommendation. I overrule the objections, approve and adopt the recommendation, and grant the motion to dismiss.

    The plaintiff is proceeding *pro se*. Thus, I have construed his pleadings and other filings more liberally and held them to a less stringent standard than formal pleadings drafted by lawyers. **See Erickson v. Pardus**, 551 U.S. 89, 94 (2007); **Andrews v. Heaton**, 483 F.3d 1070, 1076 (10th Cir. 2007); **Hall v. Bellmon**, 935 F.2d 1106, 1110

---

[1] "[#36]" is an example of the convention I use to identify the docket number assigned to a specific paper by the court's case management and electronic case filing system (CM/ECF). I use this convention throughout this order.

(10th Cir. 1991).

As required by 28 U.S.C. § 636(b), I have reviewed *de novo* all portions of the recommendation to which the plaintiff objects. I have considered carefully the recommendation, the objections, and the applicable case law.

In his complaint [#18], the plaintiff, Coyle Kennedy, alleges that the defendant police officers used excessive force when they arrested Mr. Kennedy. Mr. Kennedy faced several criminal charges tied to this arrest, including possession of a controlled substance, resisting arrest, and obstructing a peace officer. At trail, Mr. Kennedy raised the affirmative defense of self defense. Ultimately, the judge in the criminal trial of Mr. Kennedy concluded that it was not proper to instruct the jury on this affirmative defense. The judge concluded that the evidence presented at trial was not sufficient to support the presentation of the affirmative defense of self-defense. A jury convicted Mr. Kennedy of possession of a controlled substance, resisting arrest, and obstructing a peace officer.

Given these circumstances, the magistrate judge concluded that the excessive force claim of Mr. Kennedy is barred by **Heck v. Humphrey**, 512 U.S. 477 (1994). This is so because a judgment in favor of Mr. Kennedy in this case necessarily would imply the invalidity of his conviction for resisting arrest. I conclude that the analysis and conclusions of the magistrate judge are correct. Thus, the claims of Mr. Kennedy are barred by **Heck**.

**THEREFORE, IT IS ORDERED** as follows:

1. That the objections stated by plaintiff in his objections [#47] are **OVERRULED**;

2. That the **Recommendation of United States Magistrate Judge** [#46] filed

March 4, 2014, is **APPROVED** and **ADOPTED** as an order of this court;

      3.  That the **Motion to Dismiss** [#36] filed September 18, 2013, is **GRANTED**;

      4.  That the claims of the plaintiff as alleged in his complaint [#18] are **DISMISSED** with prejudice because they are barred under *Heck v. Humphrey*, 512 U.S. 477 (1994);

      5.  That **JUDGMENT SHALL ENTER** in favor of the defendants, Adam Golden, DPD, Jacob Robb, DPD, Mark Miller, DPD, Brian Marshall, DPD, and Derek Hancock, DPD, against the plaintiff, Coyle Kennedy, on each of the claims alleged in the complaint [#18];

      6.  That the defendants are **AWARDED** their costs to be taxed by the clerk of the court under Fed. R. Civ. P. 54(d)(1) and D.C.COLO.LCivR 54.1; and

      7.  That this case is **CLOSED**.

Dated August 1, 2014, at Denver, Colorado.

                                    **BY THE COURT:**

*/s/ Bob Blackburn*
Robert E. Blackburn
United States District Judge